## Commonwealth v. Bradley

*Arthur W. Bean*, assistant district attorney, for Commonwealth.

*Robert Trucksess*, for defendant.

KNIGHT, P. J., February 7, 1941.—On November 18, 1940, E. J. Kline, a member of the Pennsylvania Motor Police, made information before William Speers, a justice of the peace, that defendant did, on November 16, 1940, violate article X, sec. 1002, subsec. (*b*), of The Vehicle Code of May 1, 1929, P. L. 905, by driving his automobile at the rate of 60 miles an hour, over the Germantown Pike, in this county.

On the same day, the justice mailed to defendant (whether by registered mail does not appear) a "Summons to Appear", to which was attached a copy of the in-

formation. The "summons", after reciting pertinent facts, contained in the information, goes on to state:

"You are hereby notified that if you do not voluntarily appear at my office . . . on the 23rd. day of November, 1940, at 10 o'clock a.m., said date being within the ten days after the date of this notice, a warrant for your arrest shall be served as provided by law."

Mr. Bradley did not appear at the time stated in the "summons", or within the 10-day period. The justice thereupon issued a warrant, which was served upon him. Defendant then went before another justice, where he waived a hearing, and appealed to this court. On December 30, 1940, this motion was filed, which was argued before the court in banc, and is now before us for decision.

The question before us, on exactly similar facts, has been passed on by three of our courts within the last three years.

In Commonwealth v. Davis, September term, 1938, the Quarter Sessions Court of Chester County, through Judge Harvey, held that a notice, in identical terms with the notice in this case, was improper, and that the justice of the peace acquired no jurisdiction over the person of defendant.

This case was followed by the Quarter Sessions Court of Bucks County in Commonwealth v. Karas, 37 D. & C. 685 (Boyer, J.), and by the Quarter Sessions Court of Delaware County, in Commonwealth v. Walter, 39 D. & C. 383 (MacDade, J.).

We concur with the decisions rendered in these cases, although we may not agree with all the reasoning in the opinions.

The Vehicle Code, sec. 1202, provides:

". . . the magistrate shall send by registered mail, to the person charged, at the address shown by the records of the department, a notice in writing of the filing of the information, together with a copy thereof and a notice to appear within ten (10) days of the date of the written notice.

"If the person named in the information shall not voluntarily appear within ten (10) days of the date of the written notice, a warrant shall then issue and may be served by a peace officer. . . ."

Passing over two defects in the record of this case, namely, that there is nothing to show that the notice was sent by registered mail, nor that it was sent to the address shown by the records of the department, we will consider whether this was a proper notice under the law.

The three cases above cited all hold that a notice similar to the one in this case is not proper or valid, and with the conclusion we agree.

The above-quoted portion of the act allows defendant 10 days to voluntarily appear, and does not permit the justice to fix a time within the 10 days for his appearance. It is argued, however, that inasmuch as defendant did not appear within the 10-day period the warrant was properly issued; and it is further contended that when defendant waived a hearing and posted bail he waived all irregularities in the process leading up to his arrest.

It seems apparent, that the legislature intended that defendant should have 10 days within which to voluntarily appear, after a proper and valid notice was given him, in accordance with the act. It is only after such a notice to appear voluntarily within 10 days has been sent defendant that a warrant may issue.

Since the notice in this case was illegal and improper, defendant had a right to ignore it, and he stands before us in the position of one who has received no notice at all, as is required by the act.

Since the act requires that the notice to appear must be given before a warrant may issue for defendant, it follows that the warrant in this case was improperly issued, and that the justice acquired no jurisdiction over the person of defendant.

This is not the case of one who voluntarily appears within the 10-day period, waives a hearing, and gives bail for his appearance in this court: for here defendant

was actually apprehended. Waiving a hearing and entering bail does not cure the jurisdictional defect of the lack of a proper notice.

And now, February 7, 1941, the motion for judgment in favor of defendant, and for dismissal of the proceedings, is allowed, and judgment is entered for defendant.